# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ASHLEY GENTRY, individually and on behalf of All Others Similarly Situated, | Case No. _____ |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| JACOB KOSTECKI, an individual, | |
| Defendant. | |

## PRELIMINARY STATEMENT

### *"Promises are like crying babies in a theater: they should be carried out at once."*

The above cited quotation is commonly attributed to author Norman Vincent Peale, whose most famous work is "The Power of Positive Thinking." While positive thinking can often lead to great success, false and unfulfilled promises almost always lead to great failure. In the case of Defendant JACOB KOSTECKI and the many false and unfulfilled promises he made to cryptocurrency investors who purchased tickets and sponsorships to attend the February 27-28, 2020 "Massive Adoption in Memphis: Blockchain and Digital Assets" conference which Defendant KOSTECKI himself pre-emptively canceled in January 2020 (after first unilaterally rescheduling it from its originally-scheduled date in November 2019), his failure to fulfill his promises to either hold the conference or compensate those who had paid to attend the conference led those ticket purchasers to significant financial loss. Much like a crying baby in a theater, the longer Defendant KOSTECKI fails to carry out his promises, the longer it will cause disturbance to the audience around him.

Plaintiff ASHLEY GENTRY ("GENTRY"), individually and on behalf of all other persons similarly situated ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant JACOB KOSTECKI ("KOSTECKI"), an individual, for damages and equitable relief.  As grounds therefor, Plaintiff alleges the following:

## NATURE OF THE ACTION

1.      This nationwide class action is brought by Plaintiff GENTRY, individually and on behalf of a class of approximately two thousand (2,000) similarly situated individuals (the "Class Members"), who purchased tickets and sponsorships to attend a two-day conference organized and promoted by Defendant KOSTECKI entitled "Massive Adoption in Memphis: Blockchain and Digital Assets" ("Massive Adoption"), which was allegedly to take place on February 27-28, 2020 at the University of Memphis' FedEx Institute of Technology.[1]



---

[1] *See* Castor, Amy. "Sketchy Promoter of Massive Adoption Event Calls the Whole Thing Off," modernconsensus.com, Jan. 31, 2020, https://modernconsensus.com/people/sketchy-promoter-of-massive-adoption-event-calls-the-whole-thing-off/.

2.      Defendant KOSTECKI also promised ticket purchasers package deals for airfare, lodging at such locations in Memphis as the prestigious Peabody Hotel and the Hu Hotel, among others, and party rates for around $300-$400.  Significantly, most roundtrip airfares alone -- before the onset of the COVID-19 pandemic in or about March 2020 -- cost more than that.  A potential ticket purchaser, Mike in Space, tweeted, with a screenshot of a direct message from Defendant KOSTECKI making the offer: "Too good to be true? $400 for flight, hotel and ticket without even knowing where I'm flying in from[?]"[2]

3.      Defendant KOSTECKI further assured ticket purchasers that they could "cancel risk free for a full refund by January 30, 2020."

4.      Plaintiff GENTRY was one of the many individuals who purchased from Defendant KOSTECKI convention tickets and a travel package deal for the Massive Adoption event.

5.      After Defendant KOSTECKI made the foregoing promises and representations and took from the would-be conference attendees their money for said tickets, sponsorships, and travel packages, he cancelled the event on January 31, 2020 and promised: "I will repay everyone."



⇄ Massive Adoption in Memphis! #MassiveAdoption Retweeted

**Jacob Kostecki** @jacobkostecki · Feb 2

1/2 Cancelling @MassiveAdoption was the only responsible thing to do. Continuing tickets & sponsorship sales - necessary to put on the event - was not the right thing to do.

I will repay everyone as stated here: massiveadoption.com

---

[2] *Id.* at 5.

6.      Defendant KOSTECKI blamed cash flow problems and lower than anticipated ticket and sponsorship sales for the cancellation.[3]

7.      In an article entitled, "Sketchy promoter of Massive Adoption event calls the whole thing off," published in *Modern Consensus,* Defendant KOSTECKI's cancellation of the Massive Adoption event was described as "[m]uch to nobody's surprise."[4]

8.      During the last week of January 2020, "after details emerged about [Defendant KOSTECKI's] dubious past, speakers, attendees, and promoters began pulling out of the event,"[5] complaints also arose alleging that refunds Defendant KOSTECKI had promised months before -- when he changed the originally scheduled date of the event from November 2019 to the end of February 2020 -- were never received.[6]

9.      Moreover, postings on Twitter surfaced of Defendant KOSTECKI's own brother, Jedrek Kostecki, referring to him as an unsavory character, stating: "Well, he was named as a scammer on the cover of a business journal, my pregnant wife and I have [had] multiple visits from the cops because of him and he caused me to lose work, not to mention the money he owes me.  My tank of loyalty is empty."[7]

10.     Defendant KOSTECKI promised to refund the money from the cancelled Massive Adoption event to purchasers "in the order [purchases] were received," noting that he would post

---

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 3.

[7] *Id.*

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

the first refunds "no later than February 29," but that the entire refund process would "take six months."[8]

11.     Defendant KOSTECKI admitted, "I do not blame anyone but myself for this," and "I have acknowledged all debts as my personal own and have declared that they will be repaid by me.[9]



12.     Defendant KOSTECKI claimed, however, to have money for his other business yet no money to refund to ticket holders who had paid him for the Massive Adoption event.[10]

13.     Defendant KOSTECKI did not refund the money to ticket holders as promised and now has incredulously refused to deal with the issue until "post Covid 19."



---

[8] *Id.* at 2, 4-5.

[9] *Id.* at 4.

[10] *Id.*

- 5 -

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

14.     He claims to appreciate the animus of ticket holders toward him demanding their money back, stating "I understand you're angry," confessing in January 2020 (before he unilaterally cancelled the Massive Adoption conference: "4 years ago I made some *serious* mistakes in how I communicated [and] dealt [with people]."[11]



> **Jacob Kostecki**
> @jacobkostecki
>
> ~4 years ago I made some *serious* mistakes in how I communicated & dealt w/ppl
>
> @johnbiggs called me on it. He was right to do so. John & I now how a congenial relationship. He'll be speaking at
> @MassiveAdoption
>
> I apologize to everyone I hurt

15.     That is an understatement to say the least. Defendant KOSTECKI has made serious mistakes indeed, and does not have a fan club – to include his very own brother -- for sure. Indeed, Defendant KOSTECKI has had several alleged scams, convictions and trouble with the law.[12]

16.     Notably, when previously asked by *Modern Consensus* if his "charity," #satsforstudents, was a registered charity, Defendant KOSTECKI did not respond. Then, he claimed that it is not a charity at all, but that he was keeping the money raised for that toward a "student focused event." Now, unsurprisingly, consistent with his continued and repeated pattern and practice of stringing people along, he is not producing the student event either and plans to

---

[11] *Id.*

[12] *Id.*

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

begin refunds for that in May 2020. There is no stated time frame from Defendant KOSTECKI as to how long that refund process will take, if it ever begins.[13]

17. Defendant KOSTECKI's offer and sale of tickets, sponsorships and travel packages for the Massive Adoption event were rife with misleading and misrepresentative material statements and omissions of material information, and involved breaches of binding agreements.

18. Defendant KOSTECKI has been offered the ability to honor his promise to repay ticket holders by providing a verifiable list of everyone entitled to a refund, demonstrating what refunds had already been provided, if any, and beginning to pay and sign settlement agreements with remaining unpaid ticket holders,



but to date he has done none of this.

19. Defendant KOSTECKI pocketed large sums of money for his organizational and promotional efforts for the Massive Adoption event and, due to his many misrepresentations, factual omissions, and unlawful action, Plaintiff and the putative Class lost money on the cancelled event and have not been repaid to date.

---

[13] *Id.* at 5, 6.

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

20.     In sum, Defendant KOSTECKI enriched himself at the expense many would-be attendees at the Massive Adoption conference, including Plaintiff and the putative Class.

21.     As a result of Defendant KOSTECKI's pattern of wrongful conduct, Plaintiff seeks monetary damages  along with any other relief that this Court deems equitable and appropriate.

## THE PARTIES

### PLAINTIFF

22.     Plaintiff GENTRY is a natural person domiciled in San Dimas, California and is *sui juris*.

23.     On or about December 16, 2019, Plaintiff GENTRY purchased from Defendant KOSTECKI tickets for herself and two other people (one of whom is her husband) to attend the Massive Adoption event.

24.     Also included in the Massive Adoption package purchased by Plaintiff GENTRY were costs for airfare and lodging accommodations.

25.     Plaintiff GENTRY paid Defendant KOSTECKI a total sum of Seven Hundred Ninety Four Dollars ($794.00).

26.     After he had received Plaintiff GENTRY's payment, Defendant KOSTECKI confirmed in writing to Plaintiff GENTRY that she could "cancel risk free for a full refund."

### DEFENDANT

27.     Defendant KOSTECKI is a natural person domiciled in Boulder, Colorado and is *sui juris*.

## JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

29.     This Court has personal jurisdiction over Defendant KOSTECKI because: (a) Defendant KOSTECKI is operating, present, and/or doing business within this District, and (b) Defendant KOSTECKI's breaches and unlawful activity occurred within this District.

30.     Venue is proper pursuant to 28 U.S.C. § 1391 in that: (a) the conduct at issue took place and had an effect in this District; (b) a substantial portion of the transactions and wrongs complained of herein occurred in this District; and (c) Defendant has received substantial compensation and other transfers of money and digital assets in this District by doing business here and engaging in activities having an effect in this District.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

31.     A two-day conference organized and promoted by Defendant KOSTECKI entitled "Massive Adoption" was allegedly to take place on February 27-28, 2020 at the University of Memphis' FedEx Institute of Technology.

32.     At all times material hereto, Defendant KOSTECKI resided in, operated and directed the Massive Adoption event from, and interacted with Plaintiff GENTRY and the Class Members from, this District.

33.     In or about late-2019, scheduled conference attendees, including Plaintiff, purchased tickets and sponsorships to attend the Massive Adoption event.

34.     Defendant KOSTECKI also promised ticket purchasers package deals for airfare and lodging at such locations in Memphis as the prestigious Peabody Hotel and the Hu Hotel, among others.

35.     Defendant KOSTECKI also promised package deals for parties for around $300-$400.

SILVER MILLER
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

36.     Defendant KOSTECKI further assured ticket purchasers that they could cancel risk free for a full refund by January 30, 2020.

37.     Plaintiff GENTRY was one of the many individuals who purchased from Defendant KOSTECKI convention tickets and a travel package deal for the Massive Adoption event.

38.     After Defendant KOSTECKI made the foregoing promises and representations and took the money for said tickets, sponsorships and travel packages from Plaintiff GENTRY and some 2,000 others, he unilaterally cancelled the event on January 31, 2020.

39.     Defendant KOSTECKI blamed cash flow problems and lower than anticipated ticket and sponsorship sales for the cancellation.

40.     Defendant KOSTECKI promised to refund each paid attendee's money from the cancelled Massive Adoption event.

41.     Defendant KOSTECKI did not refund the money to ticket holders as promised, and now has incredulously refused to deal with the issue until "post Covid 19."

42.     In sum, Defendant KOSTECKI enriched himself at the expense of the would-be attendees at the Massive Adoption conference, including Plaintiff and the putative Class.

## CLASS ALLEGATIONS

43.     A class action is the proper form to bring Plaintiff's claims under Federal Rule of Civil Procedure 23.   The potential class is so large that joinder of all members would be impractical.   Additionally, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative party will fairly and adequately protect the interests of the class.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

44.     Plaintiff brings this nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all members of the following class:

> **All individuals or entities who: (1) purchased tickets, sponsorships and/or travel packages from Defendant KOSTECKI, and (2) have been denied a refund from Defendant KOSTECKI to date.  The Class asserts claims under Colorado law as set forth in Counts I-IV below.**

45.     This action satisfies all of the requirements of the Federal Rules of Civil Procedure, including numerosity, commonality, predominance, typicality, adequacy, and superiority.

## Numerosity

46.     Members of the Class are so numerous and geographically dispersed that joinder of all members is impractical.

47.     While the exact number of class members remains unknown at this time, upon information and belief, there are thousands of putative Class members.

48.     Again, while the exact number is not known at this time, it is easily and generally ascertainable by appropriate discovery.

49.     It is impractical for each class member to bring suit individually.

50.     Plaintiff does not anticipate any difficulties in managing this action as a class action.

## Commonality and Predominance

51.     There are many common questions of law and fact involving and affecting the parties to be represented.

52.     When determining whether common questions predominate, courts focus on the issue of liability; if the issue of liability is common to the class and can be determined on a class-

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

wide basis, as in the instant matter, common questions will be held to predominate over individual questions.

53.     Common questions include, but are not limited to, the following:

(a)  Whether Defendant KOSTECKI has failed to refund money belonging to Plaintiff and the Class;

(b)  Whether Defendant KOSTECKI owed duties to Plaintiff and the Class, what the scope of those duties were, and whether KOSTECKI breached those duties;

(c)  Whether Defendant KOSTECKI's conduct was unfair or unlawful;

(d)  Whether Defendant KOSTECKI knowingly made misrepresentations of material facts upon which Plaintiff and the Class justifiably relied;

(e)  Whether Defendant KOSTECKI breached agreements with Plaintiff and the Class;

(f)  Whether Defendant KOSTECKI has been unjustly enriched;

(g)  Whether Plaintiff and the Class have sustained damages as a result of Defendant KOSTECKI's conduct; and

(h)  Whether Plaintiff and the Class are entitled to injunctive relief.

54.     These common questions of law or fact predominate over any questions affecting only individual members of the Class.

## Typicality

55.     Plaintiff's claims are typical of those of the other Class Members because, *inter alia*, all members of the Class were injured through the common misconduct described above and were subject to Defendant KOSTECKI's unfair and unlawful conduct.

56.     Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

## Adequacy of Representation

57.     Plaintiff will fairly and adequately represent and protect the interests of the Class in that she has no disabling conflicts of interest that would be antagonistic to those of the other members of the Class.

58.     Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in complex consumer class action litigation of this nature, to represent her.

59.     Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class.

60.     The infringement of the rights and the damages Plaintiff has suffered are typical of other Class members.

61.     To prosecute this case, Plaintiff has chosen the law firm of Silver Miller.  This firm is experienced in class action litigation and has the financial and legal resources to handle the substantial costs and legal issues associated with this type of litigation.

## Superiority

62.     Class action litigation is an appropriate method for fair and efficient adjudication of the claims involved herein.

63.     Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein, as it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require.

SILVER MILLER
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

64. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim such as that filed against Defendant KOSTECKI.

65. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical.

66. The nature of this action and the nature of laws available to Plaintiff make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

    (a) Defendant KOSTECKI would necessarily gain an unconscionable advantage if he were allowed to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources;

    (b) The costs of individual suits could unreasonably consume the amounts that would be recovered;

    (c) Proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged;

    (d) Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation;

    (e) The Class Members are geographically dispersed all over the United States if not the entire world, thus rendering it inconvenient and an extreme hardship to effectuate joinder of their individual claims into one lawsuit;

    (f) There are no known Class Members who are interested in individually controlling the prosecution of separate actions; and

    (g) The interests of justice will be well served by resolving the common disputes of potential Class Members in one forum.

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

67.     Plaintiff reserves the right to modify or amend the definition of the proposed class and to modify, amend, or create proposed subclasses before the Court determines whether certification is appropriate and as the parties engage in discovery.

68.     The class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

69.     Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

70.     As a result of the foregoing, Plaintiff and the Class have been damaged in an amount that will be proven at trial.

71.     Plaintiff has duly performed all of her duties and obligations, and any conditions precedent to her bringing this action have occurred, have been performed, or else have been excused or waived.

72.     To enforce her rights as well as the rights of the putative Class, Plaintiff has retained undersigned counsel and is obligated to pay counsel a reasonable fee for its services, for which Defendant KOSTECKI is liable as a result of his bad faith and otherwise.  Undersigned counsel is representing Plaintiff and the putative class on a *pro bono* basis, waiving counsel's fee so that all funds recovered from Defendant KOSTECKI can be apportioned to the full benefit of Plaintiff and the putative Class.

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

## CLAIMS FOR RELIEF

## COUNT I – FRAUDULENT INDUCEMENT

Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 72 inclusive, as if they were fully set forth herein.

73.    Defendant KOSTECKI made knowing misrepresentations of material facts regarding ticket sales, sponsorships and travel package deals in connection with the cancelled Massive Adoption event; the ability to "cancel risk free for a full refund by January 30, 2020"; and his willingness to refund money to ticket holders, among other fraudulent misrepresentations.

74.    Defendant KOSTECKI knew the statements were false when making such statements and knew that he had no intent to perform his obligations under the agreements.

75.    Defendant KOSTECKI intended for Plaintiff GENTRY and the Class Members to rely on the false statements.

76.    Plaintiff GENTRY and the Class Members justifiably relied on the false statements when they performed all of their obligations under the agreements.

77.    Due to their reliance on Defendant KOSTECKI's false statements and his refusal to satisfy any of the agreed obligations, Plaintiff GENTRY and the Class Members have been damaged.

## COUNT II – BREACH OF CONTRACT

Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 72 inclusive, as if they were fully set forth herein.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

78.     Plaintiff GENTRY and Class Members entered into agreements with Defendant KOSTECKI when they purchased from him tickets, sponsorships, and travel package deals for the Massive Adoption event.

79.     Plaintiff GENTRY and Class Members performed all of their obligations under those agreements.

80.     Defendant KOSTECKI breached those agreements when he, *inter alia*, accepted and retained the money Plaintiff GENTRY and Class Members paid for the tickets, sponsorships, and travel package deals; and Defendant KOSTECKI failed to perform any of his obligations under the agreements such as, but not limited to, holding the Massive Adoption event as promised or refunding the money for same.

81.     As a direct and proximate cause of Defendant KOSTECKI's conduct, Plaintiff GENTRY and the Class Members have been damaged.

## COUNT III – CONVERSION

Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 72 inclusive, as if they were fully set forth herein.

82.     Plaintiff GENTRY and the Class Members have a right to a refund for their purchase of tickets, sponsorships, and travel package deals in connection with the cancelled Massive Adoption event.

83.     Defendant KOSTECKI has exercised unauthorized dominion and ownership over their money in failing to issue refunds.

84.     Plaintiff GENTRY and the Class Members have made a demand for refunds.

85.     Defendant KOSTECKI has refused and failed to issue the appropriate refunds.

SILVER MILLER
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

86.     As a direct and proximate cause of Defendant KOSTECKI's conduct, Plaintiff GENTRY and the Class Members have been damaged.

## COUNT IV – UNJUST ENRICHMENT

Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 72 inclusive, as if they were fully set forth herein.

87.     Plaintiff GENTRY and the Class Members conferred a benefit upon Defendant KOSTECKI when they purchased tickets, sponsorships, and travel package deals for the Massive Adoption event.

88.     Defendant KOSTECKI knowingly received these benefits.

89.     Defendant KOSTECKI retained these benefits and continues to enjoy the fruits of these benefits at the expense of Plaintiff GENTRY and the Class Members, as he has failed to refund the money after cancelling the event.

90.     As a direct and proximate cause of Defendant KOSTECKI's conduct, Plaintiff GENTRY and the Class Members have been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ASHLEY GENTRY, individually and on behalf of all others similarly situated, respectfully prays for relief as follows:

(a) A declaration from this Court that this action is a proper class action, including certification of the proposed Class, appointment of Plaintiff as class representatives, and appointment of Plaintiff's counsel as class counsel;

(b) A judgment awarding Plaintiff and the Class Members restitution, including, without limitation, disgorgement of all profits and unjust enrichment that Defendant KOSTECKI obtained as a result of his unlawful and unfair business practices and conduct;

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

(c) A judgment awarding Plaintiff and the Class Members actual compensatory damages;

(d) A judgment awarding Plaintiff and the Class Members exemplary and punitive damages for Defendant KOSTECKI's knowing, willful, and intentional conduct;

(e) Pre-judgment and post-judgment interest;

(f) Expenses and the costs of this pro bono action; and

(g) All other and further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff ASHLEY GENTRY reserves her right to further amend this Complaint, upon completion of her investigation and discovery, to assert any additional claims for relief against Defendant KOSTECKI or other parties as may be warranted under the circumstances and as allowed by law.

Respectfully submitted,

By: _____
David C. Silver, Esq.
**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:   (954) 516-6000
E-Mail:   DSilver@SilverMillerLaw.com

*Attorneys for Plaintiff*

Dated:   May 7, 2020

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com