# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ASHLEY GENTRY, individually and on behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB KOSTECKI, an individual,<br><br>    Defendant. | Case No. 1:20-cv-01284-WJM-STV |

### PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT

Plaintiff ASHLEY GENTRY ("Plaintiff" or "GENTRY"), an individual, by and through undersigned counsel and pursuant to Fed.R.Civ.P. 55 and D.C. Colo. Local Civil Rule 7.1, hereby requests entry of a Default Final Judgment against Defendant JACOB KOSTECKI ("Defendant KOSTECKI").

In further support of this motion, Plaintiff states as follows:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant KOSTECKI organized and promoted across multiple social media platforms -- and sold to interested attendees tickets and sponsorships for -- the two-day Massive Adoption conference:



**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

DE 1 ("Compl.") at ¶ 1.  Defendant KOSTECKI also promised ticket purchasers package deals for airfare; lodging at such locations in Memphis as the prestigious Peabody Hotel and the Hu Hotel, among others; and party rates for around $300-$400.  *Id.* at ¶¶ 2, 34-35.  Significantly, most roundtrip airfares alone -- before the onset of the COVID-19 pandemic in or about March 2020 -- cost more than that.  *Id.* at ¶ 2.  Defendant KOSTECKI further assured ticket purchasers that they could "cancel risk free for a full refund by January 30, 2020."  *Id.* at ¶¶ 3, 36.  In or about late-2019, scheduled conference attendees, including Plaintiff, purchased tickets and sponsorships to attend the Massive Adoption event.  *Id.* at ¶ 33.

After Defendant KOSTECKI made the foregoing promises and representations and took from the would-be conference attendees their money for said tickets, sponsorships, and travel packages, he unilaterally cancelled the event on January 31, 2020 and promised: "I will repay everyone."



*Id.* at ¶¶ 5, 38.  Defendant KOSTECKI promised to refund the money from the cancelled Massive Adoption event to purchasers "in the order [purchases] were received," noting that he would post the first refunds "no later than February 29," but that the entire refund process would "take six months."  *Id.* at ¶¶ 10, 40.  Defendant KOSTECKI admitted, "I do not blame anyone but myself for this," and "I have acknowledged all debts as my personal own and have declared that they will be repaid by me."

> **Jacob Kostecki**
> @jacobkostecki
>
> Replying to @dcsilver and @nikhileshde
>
> Working things out actively while navigating this crisis. Initially I announced it will take 6 months to process refunds. It's been 2. I have a acknowledged all debts as my personal own and have declared that they will be repaid by me.
>
> 2:24 PM · Apr 1, 2020 · Twitter Web App

*Id.* at ¶ 11.

Notwithstanding the foregoing promises and representations, Defendant KOSTECKI did not refund the money to ticket holders as promised and now has refused to deal with the issue until "post Covid 19." *Id.* at ¶¶ 13, 41. As a result of Defendant KOSTECKI pocketing large sums of money paid by would-be attendees of the Massive Adoption conference and his failure to honor his promises to repay those individuals who purchased tickets, sponsorships, and travel packages, Plaintiff -- on behalf of herself and the other members of the Class -- brought this action to seek redress for the harms caused by Defendant KOSTECKI.

Following commencement of the Action, Plaintiff made persistent, diligent, and varied efforts to effectuate formal service of process upon Defendant KOSTECKI. [DE 11, 14]. After evading service for several weeks, Defendant KOSTECKI was formally served with process on June 12, 2020. [DE 16].

Although he requested [DE 19], and was granted by the Court [DE 21], an extension of his time under Fed.R.Civ.P. 12 to respond to the Complaint, Defendant KOSTECKI violated the Court's Order and failed to respond or otherwise move in response to the Complaint. As a result, the Clerk of Court entered against Defendant KOSTECKI -- who is not an infant, in the military, or an incompetent person -- a default on August 12, 2020. [DE 27].

On October 29, 2020, Plaintiff moved the Court for entry of a Default Final Judgment against Defendant KOSTECKI on behalf of herself and on behalf of all other persons similarly situated as defined in the Class Action Complaint.  [DE 31].

On April 14, 2021, the Court denied without prejudice Plaintiff's Motion for Default Final Judgment; explaining that because no class had yet been certified, the Motion for Default Final Judgment on a class-wide basis was premature.  [DE 34].  In its Order, the Court stated that the Motion for Default Final Judgment was "*DENIED WIHTOUT PREJUDICE to Plaintiff filing a renewed motion for default judgment that either seeks default judgment only on behalf of the named plaintiff or seeks default on behalf of a class and addresses the deficiencies identified in this Order.*" [*Id.* at 16-17].

In compliance with the Court's instructions, Plaintiff presents this Motion for Default Final Judgment only on her behalf while reserving the right to renew an application for class certification and moving for a judgment on a class-wide basis against Defendant KOSTECKI thereafter.

## II.    STANDARD OF REVIEW

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed.R.Civ.P. 55(a).  Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment."  Fed.R.Civ.P. 55(b)(2).  "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

A party may not simply sit out the litigation without consequence.  *See*, *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of

justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard"). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See*, Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010). *See also*, *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (same).

However, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008). Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter over the action. *See*, *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact -- which are admitted by the defendant upon default -- support a judgment on the claims against the defaulting defendant. *See*, *Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.").

"Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages." *Reynolds v. Procollect, Inc.*, No. 12-cv-2484-WJM-BNB, 2013 WL 3786645, at *1 (D. Colo. July 19, 2013) (Martinez, J.) (citing Fed.R.Civ.P. 55(b)(2)). However, a "damages hearing is not needed when the damages requested are for a sum certain." *Id.* at *3 (citing *United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006)). When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to

determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPMKMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

Under these applicable standards, as shown below, the Court has personal jurisdiction over Defendant KOSTECKI, and the well-pleaded allegations of fact support a judgment against Defendant KOSTECKI.

### III. LEGAL ARGUMENT

#### A. The Court Has Personal Jurisdiction and Subject Matter Jurisdiction

Before addressing the merits of this motion for default judgment, the Court must determine whether it has subject matter and personal jurisdiction over this case. *See*, *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case"). Here, the Court has both subject matter jurisdiction and personal jurisdiction over Defendant KOSTECKI.

First, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states. *See*, Compl. at ¶ 28. *See also*, DE 6, 7.

Furthermore, this Court has personal jurisdiction over Defendant KOSTECKI because: (a) Defendant KOSTECKI -- a resident of Boulder, CO -- is operating, present, and/or doing business within this District, and (b) Defendant KOSTECKI's breaches and unlawful activity occurred within this District. *See*, Compl. at ¶¶ 27, 29, 32.

### B. The Well-Pleaded Facts Support a Judgment Against Defendant Kostecki

As noted above, "[i]n determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Aegis Spine, Inc. v. Aegis Spine Can., Ltd.*, No. 16-cv-2445-WJM-MJW, 2017 WL 2242591, at *1 (D. Colo. May 23, 2017) (Martinez, J.) (citation and quotation marks omitted). Here, the Complaint alleges claims for: (1) Fraudulent Inducement, (2) Breach of Contract; (3) Conversion; and (4) Unjust Enrichment. As set forth below, each of these claims are supported by ample factual allegations in the Complaint.

#### 1. Count I - Fraudulent Inducement

> Under Colorado law, "[t]he elements of a fraudulent inducement claim are: (1) the defendant's misrepresentation of a material fact; (2) the plaintiff's justifiable reliance on that misrepresentation; and (3) such reliance resulting in damage to the plaintiff."

*ConcealFab Corp. v. Sabre Industries, Inc.*, Civil Action No. 15-cv-01793-CMA-KLM, 2019 WL 3282966, at *29 (D. Colo. July 22, 2019).

Defendant KOSTECKI misrepresented numerous material facts to Plaintiff, including his factual representations regarding ticket sales, sponsorships and travel package deals in connection with the cancelled Massive Adoption event; the ability to "cancel risk free for a full refund by January 30, 2020"; and his willingness to refund money to ticket holders. *See*, Compl. at ¶¶ 2, 3, 10, 13, 17, 18, 34-36, 38-41, 73 and DE 6-1 at Exh. "A". Plaintiff justifiably relied on those misrepresentations. *Id.* at ¶¶ 4, 19, 23, 25-26, 33, 37, 76 and DE 6-1 at Exh. "B". Plaintiff suffered damages as a result thereof. *Id.* at ¶¶ 4, 13, 19, 23, 25, 33, 37, 41-42, 44, 77.

Accordingly, Plaintiff has presented well-pleaded facts which support each element of the claim of fraudulent inducement; and thus, default judgment on Count I of the Complaint is appropriate.

Case No. 1:20-cv-01284-WJM-STV

### 2. Count II - Breach of Contract

> It has long been the law in Colorado that a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff.

*Equity Staffing Group Inc. v. RTL Networks, Inc.*, Civil Action No. 13-cv-3510-WJM-KLM, 2014 WL 2566316, at *5 (D. Colo. June 6, 2014) (Martinez, J.).

In the instant matter, Defendant KOSTECKI offered for purchase -- and Plaintiff did indeed accept that offer when she provided legal consideration for -- tickets and travel package deals in connection with the cancelled Massive Adoption event. *See*, Compl. at ¶¶ 1, 2, 17, 23-26, 31-38, 78-79. That offer and acceptance constituted an enforceable contract between Defendant KOSTECKI and Plaintiff. *See, e.g.*, *Galvin v. McCarthy*, No. 07-cv-00885-PAB-BNB, 2009 WL 890717, at *6 (D. Colo. Mar. 31, 2009) (stating that "[c]ontract formation requires mutual assent to an exchange between competent parties -- where an offer is made and accepted -- regarding a subject matter which is certain, and for which there is legal consideration" and noting that "in Colorado, the standard for finding the existence of consideration does not set a high bar." For example, "[a] benefit to the promisor or detriment to the promisee can constitute consideration, however slight") (internal quotation marks and citations omitted). Moreover, Plaintiff made her purchases with the expectation that, based on Defendant KOSTECKI's repeated representations, she would be able to obtain a full refund. *See*, Compl. at ¶¶ 3, 5, 8, 10, 36, 40, 80. Defendant KOSTECKI has failed to fulfill his obligations under that contract, which has resulted in Plaintiff suffering damages. *Id.* at ¶¶ 4, 13, 19, 23, 25, 33, 37, 41-42, 44, 81.

Accordingly, Plaintiff has presented well-pleaded facts which support each element of the claim of breach of contract; and thus, default judgment on Count II of the Complaint is appropriate.

### 3. Count III - Conversion

Conversion is "any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." To assert a claim of conversion under Colorado law, Plaintiff must show: (1) Plaintiff has a right to the property at issue; (2) Defendant has exercised unauthorized dominion or ownership over the property; (3) Plaintiff has made a demand for possession of the property; and (4) Defendant refuses to return it.

*KAABOOWorks Svcs., LLC v. Pilsl*, Civil Action No. 17-cv-02530-CMA-KLM, 2018 WL 2984801, at *7 (D. Colo. June 14, 2018) (internal citations omitted). Additionally, "[a] conversion may include the unauthorized retention of the money of another." *Volume Servs., Inc. v. Sweeny*, No. 09-cv-01968-MSK-BNB, 2010 WL 170446, at *3 (D. Colo. Jan. 14, 2010).

As set forth in the Complaint, Defendant KOSTECKI exercised complete control over Plaintiff's funds once tickets and travel packages had been purchased and Defendant KOSTECKI refused to return those funds after he cancelled the Massive Adoption conference. *See*, Compl. at ¶ 83. Defendant KOSTECKI represented that he would refund Plaintiff's purchases, but he never did -- despite Plaintiff's clear right to a return of her money. Plaintiff made a demand for a refund (which is not even required under the circumstances), but Defendant KOSTECKI has refused and failed to issue the appropriate refund. *Id.* at ¶¶ 84-85. *See also*, *Walshe v. Zabors*, 178 F.Supp.3d 1071, 1095 (D. Colo. 2016) ("Where there is a wrongful taking, the tort of conversion is complete upon that taking; the victim does not have to demand return of the goods . . . ."); *L-3 Communications Corp. v. Jaxon Eng'g & Maintenance, Inc.*, 863 F.Supp.2d 1066, 1082 (D. Colo. 2012) (finding that "to the extent no express allegation [of a demand for return of property] is present, such allegations are a permissible inference to be drawn from the facts alleged in the Amended Complaint."). Defendant KOSTECKI's unlawful withholding of Plaintiff's funds have caused significant economic damage to Plaintiff. *See*, Compl. at

¶ 86. Therefore, Plaintiff has presented well-pleaded facts which support each element of the claim of conversion; and default judgment on Count III of the Complaint is appropriate.

### 4. Count IV - Unjust Enrichment

Under Colorado law, an unjust enrichment claim requires a showing of three elements: "(1) at plaintiff's expense; (2) defendant received a benefit; (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Barnett v. Surefire Medical, Inc.*, 342 F.Supp.3d 1167, 1175 (D. Colo. 2018).

Here, Defendant KOSTECKI -- at the expense of Plaintiff -- has knowingly reaped the benefits of receiving and refusing to refund the funds provided to him for tickets and travel packages for a conference that Defendant KOSTECKI never provided. *See*, Compl. at ¶¶ 19, 87-88. It would be unconscionable under these circumstances and against the principles of justice, equity, and good conscience for Defendant KOSTECKI to retain the substantial monetary benefits he received as a result of his misconduct. *Id.* at ¶¶ 18-20, 42, 89. Accordingly, Defendant KOSTECKI has been unjustly enriched as a result of his misconduct and thus, the Court should order Defendant KOSTECKI to immediately refund to Plaintiff the funds she paid to attend the Massive Adoption conference that Defendant KOSTECKI unilaterally cancelled. *Id.* at ¶¶ 17-20, 42, 89-90.

Plaintiff has presented well-pleaded facts which support each element of the claim of unjust enrichment; and default judgment on Count IV of the Complaint is appropriate.

### C. Damages

Having established that a default judgment should enter, Plaintiff submits that the Court must next determine the amount and character of Plaintiff's recovery. *See*, 10A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2688 (4th ed., Apr. 2015 update); *see also*, *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) ("A final default judgment cannot be entered against a party until the amount of

damages has been ascertained."). Actual proof must support any default judgment for money damages. *See*, *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949). In some situations, that proof is provided in a hearing; however, the Court may enter a default judgment without a hearing if the amount claimed is "a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

In support of this motion, Plaintiff has submitted simultaneously herewith her sworn declaration in which she attests that the total value of her losses is Seven Hundred Ninety Four Dollars ($794.00).

Moreover, Federal Rule of Civil Procedure 54(d) provides that costs, other than attorneys' fees, should be awarded to a prevailing party; and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs. In support thereof, filed simultaneously herewith is a Declaration of Costs executed by undersigned counsel which sets forth the litigation costs incurred by Plaintiff (*i.e.*, the federal court filing fee and the costs incurred to effectuate service on Defendant KOSTECKI) in pursuit of the recover requested herein.

### IV. CONCLUSION

**WHEREFORE,** Plaintiff ASHLEY GENTRY, an individual, respectfully moves this Honorable Court for entry of a Default Final Judgment against Defendant JACOB KOSTECKI, an individual.

Respectfully submitted,

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone: (954) 516-6000

By: */s/ David C. Silver*
    DAVID C. SILVER
    E-mail: DSilver@SilverMillerLaw.com
    *Counsel for Plaintiff*

Case No. 1:20-cv-01284-WJM-STV

## L.R. 7.1(a) CERTIFICATION OF GOOD FAITH

In accordance with Rule 7.1(a) of the Local Rules of the U.S. Dist. Ct. - District of Colorado, the undersigned attorneys for Plaintiff certify that in good faith, before filing this motion, they contacted Defendant KOSTECKI via electronic mail -- providing a draft copy of this motion and requesting that Defendant KOSTECKI provide undersigned counsel any written objection Defendant KOSTECKI has to the relief requested. Defendant KOSTECKI received the electronic mail message and draft motion attached thereto but did not provide any response.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via electronic mail only this _____23rd_____ day of July 2021, to: **JACOB KOSTECKI**, *Defendant*, E-mail: jacob@massiveadoption.com.

                                                        */s/   David C. Silver*
                                                          DAVID C. SILVER