IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1284-WJM-STV

ASHLEY GENTRY, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

JACOB KOSTECKI, an individual,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING REMAINING CLAIMS WITHOUT PREJUDICE

Before the Court is Plaintiff Ashley Gentry's Motion for Default Judgment ("Motion"). (ECF No. 41.) For the following reasons, the Motion is granted.

### I. BACKGROUND

Defendant Jacob Kostecki, an individual domiciled in Boulder, Colorado, promoted a two-day conference entitled "Massive Adoption in Memphis: Blockchain and Digital Assets" that was purportedly to take place on February 27–28, 2020 at the University of Memphis's FedEx Institute of Technology (the "Conference"). (ECF No. 1 ¶¶ 1, 27, 31.) In addition to offering tickets and sponsorships for the Conference, Defendant also promised ticket purchasers package deals for airfare and lodging for $300 to $400. (*Id.* ¶ 2.) Defendant also assured ticket purchasers that they could "cancel risk free for a full refund by January 30, 2020." (*Id.* ¶ 3.)

On or about December 16, 2019, Plaintiff, an individual domiciled in San Dimas,

California, purchased ticket packages for the Convention for herself and two other people.  (*Id.* ¶¶ 22, 23, 24.)  The packages included tickets, airfare, and lodging accommodations.  (*Id.*)  Plaintiff paid Defendant a total sum of $794.00 for the tickets and travel packages.  (*Id.* ¶ 25.)  Upon receiving the payment, Defendant confirmed in writing to Plaintiff that she could "cancel risk free for a full refund."  (*Id.* ¶ 26.)  Plaintiff estimates that approximately 2,000 other people also paid Defendant for tickets, sponsorships, and travel packages for the Conference.  (*Id.* ¶ 38.)

On January 31, 2020, Defendant canceled the Conference, stating in a tweet on Twitter that cancelation "was the only responsible thing to do" and that he would "repay everyone."  (*Id.* ¶ 5.)  Defendant contended that cancelation was necessary due to cash flow problems and lower than anticipated ticket and sponsorship sales.  (*Id.* ¶ 6.)

On May 7, 2020, Plaintiff filed the instant lawsuit on behalf of the following proposed class: "All individuals or entities who: (1) purchased tickets, sponsorships and/or travel packages from [Defendant], and (2) have been denied a refund from [Defendant] to date."  (*Id.* ¶ 44.)  Plaintiff asserted claims under Colorado law for fraudulent inducement (Count One), breach of contract (Count Two), conversion (Count Three), and unjust enrichment (Count Four).  (*Id.* ¶¶ 44, 73–90.)

Defendant did not file a response to Plaintiff's Complaint.  On August 11, 2020, Plaintiff moved for entry of default against Defendant, and on August 12, 2020, the Clerk of Court entered default against Defendant.  (ECF Nos. 25, 27.)  On October 29, 2020, Plaintiff filed (1) Plaintiff's Motion for Class Certification and Appointment as Class Representative (ECF No. 29), (2) Plaintiff's Motion for Appointment of Class Counsel (ECF No. 30), and (3) Plaintiff's Motion for Default Final Judgement (ECF No. 31).  On

April 14, 2021, United States Magistrate Judge Scott T. Varholak denied all three motions without prejudice for failure to adequately certify the class. (ECF No. 34.) Judge Varholak ordered Plaintiff to either "(1) file a renewed motion for class certification consistent with this Order . . . or (2) file a motion for default judgment on behalf of the named Plaintiff only." (*Id.* at 18.)

On July 23, 2020, Plaintiff filed this Motion, in which she requests default judgment on behalf of the named Plaintiff only. (ECF No. 41.)

## II. LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Default judgment must be entered by the Clerk of Court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party" in order to avoid further delay and uncertainty as to the diligent party's rights. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

## III. ANALYSIS

Before granting a motion for default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defaulting defendant. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL

765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.").

**A.     Jurisdiction**

First, the Court has subject matter jurisdiction over this case. District courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of California, and Defendant is domiciled in Colorado. (ECF No. 1 ¶¶ 22, 27.) The amount in controversy in this case is greater than five million dollars. (ECF No. 6 at 5.) Thus, the Court is satisfied that it has subject matter jurisdiction over this lawsuit.

Second, the Court has personal jurisdiction over Defendant because Defendant resides in Colorado and has been served with a summons and complaint. (ECF No. 1 ¶ 27; ECF No. 16.)

**B.     Substantive Liability**

1.     Breach of Contract (Count Two)

To prevail on a claim for breach of contract, a party must prove: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Defendant offered to sell tickets and travel package deals in connection with the Conference, and Plaintiff accepted that offer and satisfied her contractual obligation when she paid Defendant $794.00. (ECF No. 1 ¶¶ 1, 2, 17, 23–26, 31–38, 78–79.) Defendant failed to fulfill his obligations under the contract when he canceled the

4

Conference and refused to issue a refund to Plaintiff.  (*Id.* ¶¶ 4, 13, 19, 23, 25, 33, 37, 41–42, 44, 81.)

Plaintiff has presented well-pleaded facts which support each element of her breach of contract claim.  Therefore, the Court grants the Motion with respect to Count Two.

### 2. Plaintiff's Remaining Claims

Plaintiff asserts various other claims against Defendant: fraudulent inducement (Count One); conversion (Count Three); and unjust enrichment (Count Four).  (ECF No. 1 at 16–18.)  While these causes of action would in theory permit Plaintiff to recover the same amount she is already recovering through her breach of contract claim, the bar against double recovery precludes her from doing this.  The Court has granted default judgment on Plaintiff's breach of contract claim (Count Two); therefore, the Court need not consider Plaintiff's request for default judgment on the remaining claims.  *See Jones v. Marquis Prop., LLC*, 212 F. Supp. 3d 1010, 1019 (D. Colo. 2016) (granting default judgment on breach of contract claims, not finding it necessary to consider additional claims of fraud, fraudulent inducement, and civil theft because the additional claims would permit the same recovery as the breach of contract claim).

**C.   Damages and Costs**

The amount of damages must be ascertained before a final default judgment can enter against a party.  *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). Actual proof must support any default judgment for money damages*.  See Klapprott v. United States*, 335 U.S. 601, 611–12 (1949).

Plaintiff requests damages in the amount of $794.00 and compensation for her costs in the amount of $917.35.  Plaintiff has proven these amounts by attaching two

affidavits to the Motion.  In the first affidavit, Plaintiff attests that Defendant never returned the $794.00 she paid him.  (ECF No. 41-1 ¶¶ 4–6.)  In the second affidavit, Plaintiff's counsel, David C. Silver, attests that Plaintiff has incurred $917.35 in costs, excluding attorneys' fees, in pursuit of a judgment against Defendant.  (ECF No. 41-2 ¶¶ 1–5.)  The Court finds that Plaintiff has adequately established the amount of her damages and costs.

For the foregoing reasons, the Court grants the Motion and judgment will be entered in favor of Plaintiff against Defendant.

**D.     The Court's Jurisdiction Over Remaining Claims**

The Court has a duty to independently monitor its subject matter jurisdiction at every stage of litigation.  S*ee Daigle v. Shell Oil Co.*, 972 F.22d 1527, 1539 (10th Cir.1992) (court has a duty to ensure "even *sua sponte* that we have subject matter jurisdiction before considering a case").  Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," which limits their authority to resolving "the legal rights of litigants in actual controversies."  *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (citations omitted).

Because default judgment will be entered in favor of Plaintiff on her individual claims, she can no longer "demonstrate that [she] possesses a legally cognizable interest, or personal stake, in the outcome of the action."  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (quotations omitted).  As a result, once default judgement is entered in her favor, Plaintiff cannot meet the Article III case-or-controversy requirement to pursue claims on behalf of similarly situated individuals.  *See id.* (holding that collective action brought by single employee on behalf of herself

and all similarly situated employees for employer's alleged violation of the Fair Labor Standards Act was no longer justiciable when her individual claim became moot as result of an offer of judgment in an amount sufficient to make her whole).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Motion for Default Judgment (ECF No. 41) is GRANTED;

2. The Clerk shall enter DEFAULT JUDGMENT in favor of Plaintiff and against Defendant Jacob Kostecki in the amount of $1,711.35, consisting of:

   a. $794.00 in damages for breach of contract; and

   b. $917.35 in costs;

3. All other claims are dismissed WITHOUT PREJUDICE for lack of jurisdiction; and

4. The Clerk shall terminate this case.

Dated this 19th day of January, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge